Filed 3/3/25  P. v. Tesfazghi CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C099961 |
| Plaintiff and Respondent, | (Super. Ct. No. CM040151) |
| v. | |
| YONATAN ISAAK TESFAZGHI, | |
| Defendant and Appellant. | |

A jury found defendant Yonatan Isaak Tesfazghi guilty of murder, attempted robbery, burglary, and shooting at an occupied dwelling.  The jury found true a principal was armed with a firearm, defendant personally used a firearm, and defendant personally and intentionally discharged a firearm.  The trial court sentenced defendant to an indeterminate term of 15 years to life, plus a determinate term of 24 years six months in prison.  On appeal, a different panel of this court struck the murder conviction and remanded the matter for resentencing.  While the trial court reduced the upper-term sentences it previously imposed to the middle term, it declined to reduce the sentence for

1

the enhancement due to the nature of the crime.  On appeal, defendant argues that the court erred in the analysis it used in reaching this decision.  We agree.  Accordingly, we reverse the sentence and remand the matter for resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged with murder, attempted home invasion robbery, burglary, and shooting at an inhabited dwelling.  As to the charges for murder, robbery, and burglary, the information also alleged enhancements that a principal was armed with a firearm, defendant personally used a firearm, and defendant personally and intentionally discharged a firearm.  (Pen. Code,[1] §§ 12022, subd. (a)(1), 12022.5, subd. (a), 12022.53, subd. (c).)

We, like the parties, take the relevant facts of this crime from our prior opinion. (*People v. Tesfazghi* (June 30, 2022, C086993) [nonpub. opn.].)  Defendant and others attempted to rob the home of a family where cannabis was grown.  During the attempt, one of the victims of the robbery shot and killed one of the robbers inside the home.  The robbers intended to steal 200 pounds of cannabis and some guns.  After he shot one of the robbers, the robbery victim heard several gunshots from the kitchen and sounds of the robbers retreating.  Defendant was the only robber who had a gun besides the decedent.

In 2017, the jury found defendant guilty of murder, attempted home invasion robbery, burglary, and shooting at an inhabited dwelling.  It also found the enhancements true as to each count.

In 2018, the trial court struck the section 12022.53, subdivision (c) enhancement as to the burglary charge.  The trial court imposed an indeterminate 15-year-to-life sentence, plus a determinate sentence of 24 years six months in prison.  This sentence included upper-term sentences for the attempted home invasion robbery, a concurrent upper-term sentence for the burglary, and a concurrent upper-term sentence for shooting

---

[1]     Further undesignated statutory references are to the Penal Code.

2

into an occupied dwelling. In addition, the trial court imposed a 20-year term for personally and intentionally discharging a firearm and stayed the remaining firearm enhancements.

Defendant appealed and, in 2022, a different panel of this court reversed defendant's murder conviction and remanded the matter for resentencing. On remand, the murder charge and associated enhancements were dismissed.

In his resentencing brief, defendant argued the trial court should sentence him to the low term on the remaining counts due to legislative amendments to section 1170 and further reduce or eliminate the gun enhancement under amendments to section 1385. Defendant had no disciplinary history while incarcerated since 2013, engaged in many rehabilitative programs, and was respectful and professional in his relationships with staff and peers.

The trial court stated it had read and considered the original and supplemental probation reports and defendant's sentencing brief. The court indicated it intended to sentence defendant to a determinate term of 23 years.

The prosecution argued for the upper terms and against reducing or striking the firearm enhancement under section 1385.

After oral argument, the trial court found no aggravating factors had been proven beyond a reasonable doubt. The trial court thus imposed the middle term of three years in prison for the attempted home invasion robbery, plus a consecutive sentence of 20 years for the firearm enhancement under section 12022.53.[2] As to the remaining counts, the trial court sentenced defendant to a concurrent four-year term for the burglary and a concurrent middle term of five years for the shooting at an inhabited dwelling.

---

[2] As to both the attempted home invasion robbery and the burglary, the trial court stayed a four-year and one-year term for the enhancement for the personal use of a firearm. (§ 12022.5, subd. (a).)

In rendering its sentence, the trial court gave its reasons for not striking or reducing the enhancement: "The [c]ourt has considered striking or dismissing [the 12022.53, subdivision (c)] enhancement. Pursuant to . . . [s]ection 12022.53[, subdivision ](a) and 1385, the [c]ourt finds that it is not in the interest of justice to strike or dismiss the . . . [s]ection 12022.53[, subdivision ](c) enhancement and denies the request to do so. [D]efendant was a major participant in the commission of the subject crime. He was one of two perpetrators who brought a firearm into the victims' home and fired multiple rounds while in the house and while running from the house after the failed robbery."

Defendant appeals.

DISCUSSION

Defendant argues the trial court erred in refusing to reduce or eliminate the firearm enhancement because it made no finding reducing this enhancement would "endanger public safety" and the findings it did make were entirely retrospective. The People respond the trial court implicitly found the dismissal of the enhancement would result in danger to the public and the trial court considered defendant's current dangerousness because the striking of this enhancement would have resulted in his immediate release for time served. We conclude defendant has the better argument.

Section 1385, subdivision (c)(1) provides, "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so." Under section 1385, subdivision (c)(2), "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to

4

others."  The relevant mitigating factor identified here is that the application of the section 12022.53, subdivision (c) enhancement could result in a sentence of over 20 years.  (§ 1385, subd. (c)(2)(C).)

Trial courts have the power to strike or reduce the firearm enhancement at issue here in the interest of justice.  (*People v. Tirado* (2022) 12 Cal.5th 688, 699-700; *People v. McDavid* (2024) 15 Cal.5th 1015, 1030.)  We review the trial court's decision whether to strike or reduce an enhancement under section 1385 for abuse of discretion.  (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 298.)  " ' "[T]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary.  [Citation.]  In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' "  (*People v. Carmony* (2004) 33 Cal.4th 367, 376-377.)  But " 'an abuse of discretion arises if the trial court based its decision on impermissible factors . . . or on an incorrect legal standard.' "  (*People v. Gonzalez* (2024) 103 Cal.App.5th 215, 225.)

The question whether the reduction or dismissal of this enhancement would endanger public safety is at the center of this case.  Section 1385, subdivision (c)(2) "does not require the trial court to consider any particular factors in determining whether 'there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others.' "  (*People v. Mendoza*, *supra*, 88 Cal.App.5th at p. 299.)  In *Mendoza*, the trial court examined the nature of the armed home invasion robbery the defendant committed during which he discharged his weapon and determined that dismissal of the defendant's enhancement would result in a sentence of less than six years in prison and reduction of his sentence posed a likelihood the defendant would commit a crime that would result in danger to others.  (*Id*. at pp. 293-294.)  The trial court explained the defendant was "a serious threat to society and a relatively long prison sentence [wa]s necessary to protect the public and keep the defendant away from the

public and to provide time for the defendant to become rehabilitated." (*Id.* at p. 293.) On appeal, the appellate court affirmed this ruling and concluded the trial court's finding the dismissal of the enhancement would endanger public safety was not so irrational or arbitrary that no reasonable person could agree with it. (*Id.* at p. 299.)

Even if the trial court finds a defendant is currently a danger to society, however, that does not end the inquiry required of the trial court. Before it can decline to give great weight to a mitigating circumstance identified in section 1385, subdivision (c), the trial court must examine whether the defendant will present a danger to society on the future date he, she, or they might be released if the trial court struck or reduced the enhancements from the sentence. (*People v. Gonzalez, supra,* 103 Cal.App.5th at pp. 230-231.)

In *Gonzalez*, the defendant was sentenced to 75 years to life for murder, which included an enhancement of 25 years to life in prison for a firearm enhancement. (*People v. Gonzalez, supra,* 103 Cal.App.5th at pp. 219-220.) The trial court declined to dismiss the enhancement finding the defendant was a present danger to society but did not examine his dangerousness in the future when he might be ultimately released from prison. (*Id.* at p. 224.) The appellate court concluded the trial court abused its discretion because section 1385 requires the trial court to consider the date on which the defendant could be released if the enhancement had been dismissed and the fact that the release would be subject to a review by the Board of Parole Hearings and the Governor. (*Gonzalez,* at pp. 230-231.)

Here, the trial court failed to address whether the dismissal or reduction of the enhancement would endanger public safety. The trial court started with, "The [c]ourt has considered striking or dismissing this enhancement. Pursuant to . . . [s]ection 12022.53[, subdivision ](a) and 1385, the [c]ourt finds that it is not in the interest of justice to strike or dismiss the . . . [s]ection 12022.53[, subdivision ](c) enhancement and denies the request to do so." The trial court continued with its explanation: "[D]efendant was a

major participant in the commission of the subject crime. He was one of two perpetrators who brought a firearm into the victims' home and fired multiple rounds while in the house and while running from the house after the failed robbery."

The record discloses the trial court focused solely on the facts of defendant's crime that occurred a decade prior to this resentencing hearing. The record does not support the conclusion that the trial court made an express or implicit finding as to defendant's current dangerousness, nor does it demonstrate the trial court considered defendant's future dangerousness if it dismissed or reduced the section 12022.53 enhancement. This was error.

We turn to assessing the impact of the trial court's error here. In *People v. Salazar* (2023) 15 Cal.5th 416, 425, our Supreme Court noted that " ' "[d]efendants are entitled to sentencing decisions made in the exercise of the 'informed discretion' of the [trial] court." ' " If the trial court fails to exercise this informed discretion, we must " 'remand for resentencing unless the record "clearly indicate[s]" that the trial court would have reached the same conclusion "even if it had been aware that it had such discretion." ' " (*Ibid.*) Here, we cannot conclude the trial court would have reached the same conclusion because the court did not examine defendant's present dangerousness (if the trial court eliminated the enhancement sentence resulting in defendant's immediate release) or his potential future dangerousness (if the trial court reduced but did not eliminate the enhancement sentence). (See *People v. Gonzalez, supra*, 103 Cal.App.5th at pp. 230-231.)

Ultimately, even if the trial court determines that reduction or elimination of the enhancement would not endanger public safety, it still retains discretion in its sentencing determination. As explained by our Supreme Court, if the trial "court does not find that dismissal [of one or more of the enhancements] would endanger public safety, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the [trial] court finds substantial, credible evidence of

7

countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' " (*People v. Walker* (2024) 16 Cal.5th 1024, 1038.)[3]  It is apparent the trial court did not engage in this analysis.

On remand, if the trial court finds defendant would be a danger as a result of the reduction or elimination of the enhancement sought by defendant, it need not consider or give *great weight* to the mitigating factor raised by defendant.  If, however, the court cannot determine the reduction or dismissal of the enhancement will endanger public safety, then, it must give great weight to these factors in determining whether it should dismiss or reduce the enhancement under section 1385.  We express no opinion on this issue and leave the ultimate resolution of this sentence to the court's informed discretion.

---

[3]  The *Walker* court expressly rejected the defendant's argument that the existence of the mitigating circumstances enumerated in section 1385, subdivision (c) created a rebuttable presumption in favor of the dismissal of an enhancement is in the furtherance of justice unless the court finds the dismissal of the enhancement would endanger public safety. (*People v. Walker*, *supra*, 16 Cal.5th at p. 1034.)

## DISPOSITION

The sentence on the section 12022.53 subdivision (c) enhancement is reversed and the matter is remanded for resentencing.

/s/_____
ROBIE, J.

We concur:

/s/_____
EARL, P. J.

/s/_____
DUARTE, J.